UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD) (SN)

### DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF MOVING PLAINTIFFS' MOTION FOR PARTIAL FINAL DAMAGES JUDGMENTS

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the Plaintiffs in the above-captioned litigation, and I submit this declaration in support of the Motion for Partial Final Damages Judgments ("Motion") against the Islamic Republic of Iran ("Iran") on behalf of the plaintiffs listed in annexed Exhibit A (the Plaintiffs identified in annexed Exhibit A are collectively referred to herein as the "Moving Plaintiffs") (which is Exhibit B to the Proposed Order), all of whom have previously been awarded a final default liability judgment against Iran for Iran's role in the September 11th terrorist attacks. The Motion seeks the following relief:

 (1) an order awarding the Moving Plaintiffs damages judgments against Iran in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *O'Neill*, *Burnett*, *Havlish*, *Ashton*, *Bauer*, and other cases; AND,

 (2) an order determining that:

  (a) Jaimenys Taveras is the functional equivalent of a child of Manuel De Jesus Molina, who died in the Terrorist Attacks on September 11, 2001; AND,

docs-100696087.1

(b) Jaimercedes Taveras is the functional equivalent of a child of Manuel De Jesus Molina, who died in the Terrorist Attacks on September 11, 2001; AND,

(c) Jaimelin Taveras is the functional equivalent of a child of Manuel De Jesus Molina, who died in the Terrorist Attacks on September 11, 2001; AND,

(3) an order awarding solatium damages to the Moving Plaintiffs in the amount of $8,500,000 per child, as set forth in annexed Exhibit A; AND,

(4) an order awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(5) an order granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages at a later date; AND,

(6) an order granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND

(7) granting the Moving Plaintiffs such other and further relief as this Honorable Court deems just and proper.

Applicable Orders

2. The form of this Motion and the relief requested herein are intended to comply with the following orders of this Court:

a. The Court's January 24, 2017 Order, ECF No. 3435,[1] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23,

---

[1] All ECF numbers are to the MDL docket unless stated otherwise.

2

docs-100696087.1

2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 11 below.

b.  The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

c.  The Court's October 14, 2016 Order, ECF No. 3362, related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

d.  The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

e.  The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

f.  The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

g.  The Court's September 22, 2023 Order, ECF No. 9355, setting forth procedures for default judgment motions.

3.  The form of this Motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the group of actions filed by Anderson Kill P.C.

Due Diligence:

4.  The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past almost twenty (20) years, my firm's representation of the Moving Plaintiffs in connection with the September 11th litigations, communications directly from family members of the individuals killed in the attacks on September 11th and the Moving Plaintiffs, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the

3

Moving Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5. The Moving Plaintiffs identified in annexed Exhibit A are each the functional equivalent of a child of a decedent from the terrorist attacks on September 11, 2001, as specifically set forth in annexed Exhibit A, which includes individuals who were not named in the complaints, but were added by Notice of Amendment as authorized by this Court, and are entitled to receive a judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent.

6. The decedent listed in annexed Exhibit A died in the September 11th terrorist attacks and is survived by the family members whose relationships to the decedent are described in annexed Exhibit A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

7. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in annexed Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

8. After reviewing the records available to me regarding other judgments entered by this Court against Iran, I have not identified any relief that has previously been awarded to any particular plaintiff identified in annexed Exhibit A.

docs-100696087.1

9. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees, ECF No. 3433, and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iran, no economic relief has previously been awarded to any plaintiff included in the proposed judgment.

10. We have verified via written documentation and/or interviews that the Moving Plaintiffs have not recovered for such losses by way of an award of this Court as to Iran.

11. We have further confirmed that none of the Moving Plaintiffs have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

Notices of Amendment:

12. Among other things, Section II.D provides, "In instances where a default judgment is sought by a personal representative in favor of a solatium claimant who is not a named plaintiff in the action in which the award is sought, counsel requesting the judgment will be asked to confirm that: (1) the personal representative has requested that a judgment be sought in favor of the solatium claimant; (2) the solatium claimant has been contacted and affirmed that he or she authorized the personal representative to seek the judgment in his or her favor; and (3) counsel has confirmed that the solatium claimant in favor of whom the judgment is being sought has not retained other counsel or been named in any other action or, if he or she has, that counsel has communicated with the claimant's counsel and received authorization to seek the judgment via the estate's representative." ECF No. 3435.

13. I hereby confirm that the Moving Plaintiffs identified in the exhibits as being added by Notice of Amendment are such claimants, and that: (1) the personal representative of the estate has requested that a judgment be sought in such claimant-plaintiffs favor; (2) the plaintiffs have affirmed that he or she authorized the personal representative to seek this judgment; and (3) the plaintiffs have not retained other counsel or been named in any other action and/or that I, or a representative of Anderson Kill P.C., communicated with claimant's counsel and received authorization to seek the judgment via the estate's representative.

Service of Process

14. Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in Exhibit A to the Proposed Order.

Solatium

15. We have been retained individually by the Moving Plaintiffs listed in annexed Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in annexed Exhibit A is the functional equivalent of a child of a 9/11 decedent, all of whom have previously been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks. We have verified that none of the Moving Plaintiffs listed in annexed Exhibit A have recovered for their solatium damages previously, nor do they have any other pending motion before this Court for judgments arising out of the September 11th terrorist attacks.

16. The solatium amounts set forth in annexed Exhibit A are the figures this Court has previously determined appropriate for solatium damages for children of a 9/11

decedent. *See*, e.g., ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

Functional Equivalents

17. A true and correct copy of the Declaration of Jaimercedes Taveras is attached hereto as Exhibit B.

18. A true and correct copy of the Declaration of Jaimelin Taveras is attached hereto as Exhibit C.

19. A true and correct copy of the Declaration of Jaimenys Taveras is attached hereto as Exhibit D.

20. A true and correct copy of the Affidavit of Mercedes Molina, previously submitted to the original September 11th Victim Compensation Fund ("VCF"), is attached hereto as Exhibit E.

21. I can confirm, based on documentary evidence Anderson Kill P.C. received from the VCF, that Jaimercedes, Jaimelin, and Jaimenys were granted non-economic dependency awards from the VCF based on their close familial relationship with 9/11 decedent Manuel De Jesus Molina, akin to that of a biological child. I can also confirm based on documentary evidence Anderson Kill received from the VCF that Jaimercedes, Jaimelin, and Jaimenys were listed as dependents on Mr. Molina's tax returns in 1997, 1998, 1999, and 2001.

Conclusion:

22. Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgments as set forth in the Notice of Motion.

Dated: New York, New York
May 24, 2024

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.

8

docs-100696087.1